**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
U.S. Magistrate Judge S. Kato Crews

| | |
|---|---|
| VDF FUTURECEUTICALS, INC., | |
| Plaintiff, | Case No. 1:23-cv-00347-SKC |
| v. | **JURY TRIAL DEMANDED** |
| APPLIED FOOD SCIENCES, INC. | |
| Defendant. | |

**PROTECTIVE ORDER**

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. **Findings**: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. **Definitions**:

    a. "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

    b. "Confidential" information is information concerning a person's business operations, processes, and technical and development information within

    the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

  c. "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

  d. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

3. **<u>Designation of Information as Confidential or Highly Confidential</u>**:

  a. A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

  b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A producer may

  make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient.

c. A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within thirty (30) days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

d. A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture, in whole or in part, of a claim of confidentiality as to any other document, thing, or testimony. Any party that inadvertently or unintentionally produces protected material without designating it as "Confidential" or "Highly Confidential" may request destruction of that protected material by notifying the recipient(s) as soon as reasonably possible after the producer becomes aware of the inadvertent or unintentional disclosure, and providing replacement protected material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced

      protected materials and any documents, information or material derived from or based thereon.

    e. A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

    f. If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the party disputing the designation shall file a motion with the Court to challenge the producer's designation. The information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4. **Use and Disclosure of Confidential or Highly Confidential Information**:

    a. Confidential and Highly Confidential Information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

    b. Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other

  than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only ; (vi) independent litigation support services, including persons working for or as court reporters, graphics or design services, electronic discovery vendors, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this action, and (vii) the Court and personnel assisting the Court.

c. Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a stenographer and videographer recording testimony concerning the information; (iii) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only, including electronic discovery vendors;

  (iv) independent litigation support services, including persons working for or as court reporters, graphics or design services, electronic discovery vendors, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this action, the Court and personnel assisting the Court.

d. A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve copy of Appendix 1 to this Order signed by the expert or consultant on all other parties within ten (10) days after its execution. At least ten (10) days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and (i) a copy of his or her curriculum vitae, (ii) a list of all other cases (identified by case caption name, number and Court) in which, during the previous 5 years, the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, and (iii) and an identification of any patents or patent applications in which such expert or consultant is identified as an inventor or applicant, or is involved in prosecuting or

maintaining. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten (10) days after service of the identification. Unless the parties resolve the dispute within ten (10) days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

e. Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

f. A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(d) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

g. If a recipient of Confidential or Highly Confidential information receives compulsory process (e.g., subpoena) commanding production of documents, ESI, or things containing a producer's Confidential or Highly

Confidential information, the recipient must promptly notify the producer, in addition to following the other provisions of this section.

5. **Inadvertent Disclosure**: Inadvertent disclosures protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502(b). Pursuant to Federal Rule of Evidence 502(d), the inadvertent production or disclosure of privileged or work-product protected documents, information, or electronically stored information ("ESI") is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

6. **Filing with the Court**:

   a. If a party wishes to file in the public record a document that another producer has designated as Confidential or Highly Confidential, that party must file the information under seal with the Court using ECF, which is authorized under this Order without the need to file a motion to seal. The party must then serve via e-mail a copy of the sealed material filed via ECF to all counsel of record.

7. **Document Disposal**: Within 60 days of the conclusion of this case, including all appeals, each party must return to the producer or destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information. The party returning and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the

requirements of this paragraph. Notwithstanding the requirements of this paragraph, (1) outside counsel are not obligated to return or destroy any attorney work product (including emails), briefs, pleadings, written discovery responses, transcriptions of testimony and exhibits thereto, expert reports, evidence adduced at trial, and other court papers prepared or used in this action, but shall remain subject to the provisions of this Protective Order and (2) the parties and their counsel are not obligated to destroy electronically stored Confidential or Highly Confidential information contained on archived computer system backups made in accordance with security and/or disaster recovery procedures, provided that such information shall remain subject to the provisions of this Protective Order.

8. **<u>Originals</u>**: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within ten (10) days after a written request.

9. **<u>Survival of Obligations</u>**: This order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

DATED: April 18, 2023.

BY THE COURT

_____
S. Kato Crews
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION**

| | |
|---|---|
| VDF FUTURECEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLIED FOOD SCIENCES, INC. <br><br> Defendant. | Case No. 1:23-cv-00347-SKC <br><br> **JURY TRIAL DEMANDED** |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER**

I, _____[insert person's name], state the following under penalties of perjury:

I have been retained by _____[insert party's name] as an expert or consultant in connection with this case. I will be receiving Confidential and Highly Confidential information that is covered by the Court's protective order dated _____ [date]. I have read the Court's protective order and understand that the Confidential and Highly Confidential information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the Confidential and Highly Confidential information solely for purposes of this case. I understand that neither the Confidential and Highly Confidential information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the Confidential and Highly Confidential information and any notes concerning that information to

the attorney for_____ [insert name of retaining party] or to destroy the information and any notes at that attorney's request.

      I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

      I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)